Earle, J.,
delivered the opinion of the Court.
It cannot be necessary to decide all the questions presented by the grounds of appeal; and some of them it would perhaps be out of plaee to decide in this incidental way. We cannot undertake to decide on this motion the question whether the attachment levied on the goods in the harbor of New York, and the proceedings thereon, were regular according to the law of New York, or not: nor whether the defendant was entitled to retain the possession of them under his alleged arrangement with the sheriff of New York. These questions could only arise regularly upon a suggestion filed by the plaintiffs in attachment here, on the returns of the defendant as garnishee, making claim to the property, or denying the right of Feldt. Nor is it necessary, perhaps to determine whether a garnishee can be divested of his possession by the sheriff' on serving an attachment, or should be left to make his return. That question would more properly arise on the trial of the prosecution for assault and battery. There can be no doubt, however, that in such case the sheriff would seize the goods at his peril — and if they should belong to another, or if the garnishee should have a lien upon them, entitling him to retain possession, the sheriff would be a trespasser, and the person in possession summoned as a garnishee, would be justified in resisting the seizure. Under the attachment Act the sheriff is not required to seize, nor is he justified in seizing the goods in the hands of a garnishee, making claim to them on his own behalf, or on behalf of another. The only purpose of the proceeding by attachment, *219 is to compel tbe appearance of tbe absent debtor, as a party in Court, to answer tbe plaintiff’s action. And if tbe goods attached as tbe property of tbe debtor, turn out to' belong to tbe person in possession, or to a stranger, there is an end of tbe action. If it be held that tbe sheriff is required to seize tbe goods, and if that power be considered in connection with the power to sell in certain cases, and tbe provisions for paying over tbe proceeds to tbe plaintiff, then we have a new and dangerous species of summary jurisdiction, where execution precedes judgment — where the plaintiff first obtains satisfaction, and then proves bis debt; tbe garnjsbee, too, from whom tbe property has been wrested, after such a sale, and payment to tbe plaintiff, comes in with bis return and claims title in himself or another, and after proving bis right, is left to bis remedy against tbe plaintiff to recover for property which tbe sheriff bad no right to seize.
The several provisions of the Act in relation to the garnishee, lead to the same conclusion; the attaching of any part in the name of the whole that is in the garnishee’s bands; the summons to appear and disclose what be bath in bis bands, to which the absent debtor bath any claim; bis liability in case of default to have judgment and execution awarded against himself — all contemplate that the garnishee is to remain in possession; and as the Act provides also in case be has any demand of bis own, where goods are attached in bis bands, that be may file a declaration, and, on obtaining judgment, be allowed a preference, it would seem superfluous and unfair to deprive him of the possession of the goods.
On the other question raised, there can be no doubt that a Judge at Chambers may issue a warrant for any offence, and on the party being brought before him and examined, if be be satisfied that no offence has been committed, be may discharge the prisoner without delay — or on good cause before arrest, withdraw bis warrant, or direct the officer to forbear. But what seems extraordinary in this proceeding is, that on the application to withdraw the warrant, or to discharge it for what seems to us would have been good cause to discharge the defendant if be bad been arrested, an order should have been made to deliver the goods to the sheriff, and that the defendant should have been attached *220 for a contempt if be did not deliver them. We are sure that this order was inadvertently made by the venerable magistrate, whose judgment we are considering. The only power he could have exercised was to commit or bail the defendant, or to discharge him altogether, on being satisfied that no offence was committed. It was not competent for the judge to determine the questions arising on the regularity of the attachment in New York, the lien of the attachment here, or the right of the defendant to retain possession of the goods. Beyond the bearing of these questions on the assault and battery, any order made by his Honor in relation to the goods, was extrajudicial, and must be set aside. The order of the Judge at Chambers, of the 18th April, is accordingly set aside; the goods having been sold, as we understand, any further order is unnecessary. The rights and liabilities of the parties must be left for determination in the proper form and before the proper tribunal, without further indication of the opinion of the Court, on the questions which may arise.